UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLEMING,

      Plaintiff,                    Civil No. 19-cv-12297

                                        MARK A. GOLDSMITH
                                        UNITED STATES DISTRICT JUDGE
v.

WAYNE COUNTY JAIL, et. al.,

      Defendants,

_____/

## OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S DOCKET AND DIRECTING SERVICE

Before the Court is plaintiff's request to withdraw the opinion and order of summary dismissal, in which he asks the Court to reopen his case (Dkts. 20, 21, 22). For the reasons that follow, the request is granted. The Court directs the Clerk of the Court to reopen the case to the Court's active docket. The Court orders that service be directed towards the defendants.

On September 3, 2020, this Court summarily dismissed the complaint without prejudice because plaintiff failed to timely cure a deficiency, that he had not provided twenty-two copies of the complaint for service (Dkt. 19). Plaintiff states that he sent twenty-two copies of his complaint on March 18, 2020, and that he sent an additional twenty-two copies in August 2020. See Request for Withdrawal of Dismissal (Dkt. 20) Since issuing the order dismissing the case, the Court has received the requisite copies.

The Court construes Fleming's filings, in which he argues reasons to excuse his failure to timely cure the copy deficiency, as a motion for relief from judgment under Federal Rule 60(b)(1), which allows a court to grant relief from judgment based on excusable neglect. See, e.g., Williams

v. Wolfenbarger, No. 07-CV-12333, 2008 WL 108864, at * 2 (E.D. Mich. Jan. 7, 2008).  In his request to withdraw the summary dismissal order, Plaintiff indicates that he was unable to timely cure the deficiency because he was hospitalized during the time period for curing the deficiency. Plaintiff also indicates that there were delays in making copies to cure the deficiency because of the restrictions imposed in the prison system to prevent the spread of Coronavirus.  Consequently, plaintiff is entitled to relief from judgment.  The Court orders the Clerk of the Court to reopen the case to the Court's active docket.

Where a plaintiff is proceeding in forma pauperis, the district court must bear the responsibility for issuing the plaintiff's process and directing the United States Marshal's Office to serve  the defendants whom the plaintiff has properly identified  in the complaint.  Williams v. McLemore, 10 F. App'x. 241, 243 (6th Cir. 2001); Byrd v. Stone, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).  The Court orders the Marshal's Office to effect service of the complaint.

SO ORDERED.

Dated:  November 30, 2020                          s/Mark A. Goldsmith                      
      Detroit, Michigan                          MARK A. GOLDSMITH
                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2020.

                                       s/Karri Sandusky                  
                                       Case Manager