UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DELON FLEMING,

    Plaintiff

v.

WAYNE COUNTY JAIL, et al.,

    Defendants.
_____/

Case No. 2:19-cv-12297
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S DECEMBER 11, 2020 and FEBRUARY 3, 2021 MOTIONS FOR THE APPOINTMENT OF COUNSEL (ECF Nos. 27, 30) and STRIKING THE JANUARY 6, 2021 AFFIDAVIT (ECF No. 28)</u>**

**A.    Background**

Michael Delon Fleming is currently incarcerated at the Michigan Department of Corrections (MDOC) Bellamy Creek Correctional Facility (IBC), where he is serving a sentence imposed on April 3, 2019. Case No. 18-9678-01-FC (Wayne County).[1] Although Fleming was listed as a party in a prior case, he was dismissed on July 2, 2019 for having failed to sign the complaint. *See Aziz, et al. v. County of Wayne*, Case 2:19-cv-11217-DPH-EAS (E.D. Mich.) (ECF No. 7, PageID.27-28).

---

[1] (*See* www.michigan.gov/corrections, "Offender Search," last visited Mar. 3, 2021.)

Approximately one month thereafter, on August 5, 2019, Fleming filed the instant lawsuit against twenty-two defendants, seemingly comprised of fourteen Wayne County Defendants and eight Correct Care, Inc. Defendants.  (ECF No. 1; *see also* ECF No. 31, PageID.200 [Demand for Jury Trial].)  Plaintiff's claims concern the alleged events of September 2018 to April 2019 at the Wayne County Jail (WCJ), which he claims played a part in his June 2019 hospitalization while incarcerated at IBC.  (ECF No. 1, PageID.13, 16-18.)

### B. Plaintiff's 1st and 2nd Motions for the Appointment of Counsel

Plaintiff is proceeding *in forma pauperis*.  (ECF Nos. 2, 12.)  On August 20, 2019, Plaintiff filed his first motion for the appointment of counsel.  (ECF No. 5.)  However, on March 2, 2020, the Court entered an opinion and order granting the motion for an extension of time to correct the filing deficiency (ECF No. 14), denying without prejudice the motion for the appointment of counsel (ECF No. 5), and directing the Clerk to re-send documents previously returned as undeliverable (ECF Nos. 11, 12).  (ECF No. 15.)

On August 26, 2020, Plaintiff filed his second motion for the appointment of counsel.  (ECF No. 17.)  However, on September 3, 2020, the Court entered an opinion and order of summary dismissal.  (ECF No. 19.)

### C. Ongoing Service upon Defendants by the USMS

The Court interpreted several of Plaintiff's filings (ECF Nos. 20, 21, 22) as a "request to withdraw the opinion and order of summary dismissal, in which he asks the Court to reopen his case[.]" (ECF No. 23, PageID.125.) On November 30, 2020, the Court entered an opinion and order directing the Clerk of the Court to reopen the case to the Court's docket and directing service. (ECF No. 23.)

On December 1, 2020, Plaintiff sent several letters – addressed to the Undersigned, the W.D. Mich. Court Administrator, the E.D. Mich. Court Administrator, Judge Goldsmith, and the Clerk of this Court – regarding 22 copies of his complaint. (ECF No. 26.) On December 3, 2020, the Clerk submitted service of process documents to the U.S. Marshal Service. (ECF No. 24.) It appears that service was attempted on January 15, 2021. (ECF No. 29.) To date, the only Defendant to have appeared is Correct Care Solutions (ECF No. 32), although the Court recognizes the effect of the COVID-19 pandemic upon the United States Postal Service (USPS) and, relatedly, the Clerk's Office's docket updates.

### D.     Plaintiff's 3rd and 4th Motions for the Appointment of Counsel

This case has been referred to me for all pretrial matters. (ECF No. 25.) Currently before the Court are Plaintiff's December 11, 2020 and February 3, 2021 motions for the appointment of counsel. (ECF Nos. 27, 30.) Plaintiff's motions for the appointment of counsel are remarkably similar; the main difference

between the initial and latter motions is the addition of Plaintiff's assertion that he "renews his request for the appointment of counsel." (*Compare* ECF No. 5, PageID.33-34, 37-40; *with* ECF No. 17, PageID.84-89; ECF No. 27; PageID.157-162; and, ECF No. 30, PageID.193-198.) Each motion has also been accompanied by an affidavit, although in some cases these were separately filed. (ECF No. 5, PageID.35-36; ECF No. 18, PageID.92-93; ECF No. 27, PageID.163-164; and ECF No. 31, PageID.201-202.)

    **E.**    **Standard**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to *recruit counsel* under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

**F.     Analysis**

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

In its March 2, 2020 order, which addressed the initial motion for the appointment of counsel, the Court noted: "[u]ntil the deficiency is corrected and adequate service copies are provided to the Court, it would be premature for this Court to appoint counsel for Fleming. This Court will thus deny the motion for the appointment of counsel without prejudice to Fleming renewing his motion if and when he corrects the deficiency." (ECF No. 15, PageID.72.)

Even though the deficiency to which the Court referred was corrected in December 2020 and January 2021 (ECF Nos. 24, 29), the current posture of this case – that service is ongoing and most Defendants have yet to appear – still renders premature Plaintiff's latest requests for the Court to recruit counsel on his behalf. First, many of the circumstances of which Plaintiff complaints – indigency, the absence of a GED, no experience in presenting a case, the merit and complexity of his lawsuit, and disputed facts (including the date of actual injury) – apply to many currently confined prisoner litigants. Moreover, the Court does not view this case as unusually complex in the context of prisoner civil rights cases. As for Plaintiff's alleged verified learning disability, his alleged limited intellectual capacity, and his alleged difficulty reading and writing, these conditions do not seem to be limiting Plaintiff's current ability to present his requests to the Court, although the Court notes Plaintiff's alleged inability to receive further assistance from the MDOC Legal Writer Program, as his case "involves a pre-conviction

condition of confinement[.]" Lastly, to the extent Plaintiff claims he "has no ability to obtain discovery[,]" or "has not yet requested discovery[,]" or "ha[s] been unable to obtain discovery[,]" or to the extent Plaintiff is concerned about trial related matters, he can aid his cause by considering: (1) the Federal Rules of Civil Procedure which govern disclosures and discovery (Fed. Rules Civ. P. 26-37) and trials (Fed. Rules Civ. P. 38-53); (2) this Court's Local Rules governing discovery (E.D. Mich. LRs 26.1-37.2) and juries and trials (E.D. Mich. LRs 38.1-54.2); and, (3) the Undersigned's Practice Guidelines, which are assessible on-line at this Court's website – www.mied.uscourts.gov – within the "Judges" drop-down tab. (*See* ECF No. 27, PageID.157-164 [Motion & Brief & Affid.]; ECF No. 30, PageID.193-198 [Motion & Brief]; ECF No. 31, PageID.201-202 [Affid.].) In any case, discovery will not commence until the parties have been served, at the earliest. In short, the Court is not convinced that extraordinary circumstances exist so as to warrant the recruitment of counsel at this time.

Second, given that the USMS's January 15, 2021 service attempt may yet be fruitful, it is worth noting that the Court may refer this case to the *Pro Se* Early Prisoner Mediation Program (ECF No. 3). Third, the Court has yet to enter a case management scheduling order; generally, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court waits to seek *pro bono*

7

counsel for Plaintiff until the dispositive motion deadline has passed and/or any of Plaintiff's claims survive dispositive motion practice.

### G. Order

Upon consideration, Plaintiff's December 11, 2020 and February 3, 2021 motions for the appointment of counsel (ECF Nos. 27, 30) are **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

Finally, the January 6, 2021 affidavit Aonral C. Jerry, who attests to having witnessed WCJ Medical Staff's treatment of Plaintiff (ECF No. 28), is **STRICKEN**. There are limited instances under which discovery material may be filed with the Court, and it is not clear that the affidavit meets any such instance. *See* E.D. Mich. LR 26.2 ("Filing Discovery Material"). Nonetheless, to the extent it is submitted in support of his case, Plaintiff may resubmit it as an attachment to any properly filed motion, response or reply.

**IT IS SO ORDERED.**

Dated: March 5, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE