UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLEMING,

    Plaintiff,                                      Case No. 19-12297

vs.                                                    HON. MARK A. GOLDSMITH

WAYNE COUNTY JAIL, et al.,

    Defendants.
_____/

**ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED DECEMBER 28, 2021 (Dkt.
66) AND (2) GRANTING IN PART AND DENYING IN PART THE CORRECT CARE
SOLUTIONS DEFENDANTS' MOTION TO DISMISS (Dkt. 41)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony Patti, issued on December 28, 2021 (Dkt. 66). In the R&R, the magistrate judge recommends that the Court grant in part and deny in part the motion to dismiss brought by Defendants Correct Care Solutions, Dominque Montgomery, Jamie Sharpe, Amy Gray, Alice Norris, Paige Proper, and Erika Johnson (the Correct Care Solutions Defendants) (Dkt. 41). Specifically, the magistrate judge recommends that the Court conclude that Plaintiff Michael Fleming's First Amendment retaliation claim fails to state a claim upon which relief can be granted; permit Fleming an opportunity to clarify the scope of his Fourteenth Amendment deliberate indifference claims against Defendants Norris, Johnson, and Gray; and conclude that Fleming has not stated a Fourteenth Amendment deliberate indifference claim upon which relief can be granted against Defendants Proper, Sharpe, Montgomery, or Correct Care Solutions.

The parties have not filed objections to the R&R, and the time to do so has expired. See

Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court adopts the recommendation contained in the magistrate judge's R&R (Dkt. 66) and grants in part and denies in part the Correct Care Solutions Defendants' motion to dismiss (Dkt. 41) as follows. The Court dismisses Fleming's First Amendment retaliation claim against all of the Correct Care Solutions Defendants and dismisses Fleming's Fourteenth Amendment deliberate indifference claim against Defendants Proper, Sharpe, Montgomery, and Correct Care Solutions. The Court also dismisses Fleming's Fourteenth Amendment deliberate indifference claim against Defendants Norris, Johnson, and Gray, but

grants Fleming leave to file an amended complaint for the sole purpose of clarifying the scope of his Fourteenth Amendment deliberate indifference claim against Defendants Norris, Johnson, and Gray. The amended complaint must confirm the constitutional bases of his claims against them; include any detail that he offered in his response to the motion to dismiss (Dkt. 43); provide further specificity, such as dates on which events occurred, to the extent possible; and set forth facts supporting the objective and subjective components of this claim. The amended complaint must be filed by February 16, 2022.

SO ORDERED.

Dated: January 24, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2022.

　　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　　　Case Manager