UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DELON FLEMING,

    Plaintiff,       Case No. 2:19-cv-12297
             District Judge Mark A. Goldsmith
v.             Magistrate Judge Anthony P. Patti

WAYNE COUNTY JAIL, et al.,

    Defendants.
_____/

## ORDER DIRECTING WAYNE COUNTY CORPORATION COUNSEL TO INFORM THE COURT WHETHER IT IS REPRESENTING DEFENDANT JEAN (ECF No. 99), DENYING PLAINTIFF'S AUGUST 30, 2022 MOTION (ECF No. 112)

**A.**   **Background**

Michael Delon Fleming is currently incarcerated at the Michigan Department of Corrections (MDOC) Oaks Correctional Facility (ECF), where he is serving a sentence imposed on April 3, 2019. *See* Case No. 18-9678-01-FC (Wayne County).[1] Although Fleming was listed as a party in a prior case, he was dismissed on July 2, 2019 for having failed to sign the complaint. *See Aziz, et al. v. County of Wayne*, Case 2:19-cv-11217-DPH-EAS (E.D. Mich.) (ECF No. 7, PageID.27-28). Approximately one month thereafter, on August 5, 2019, Fleming

_____

[1] (*See* www.michigan.gov/corrections, "Offender Search," last visited Sept. 13, 2022.)

filed the instant lawsuit against twenty-two defendants, seemingly comprised of fourteen Wayne County Defendants and eight Correct Care, Inc. Defendants. (ECF No. 1; *see also* ECF No. 31, PageID.200 [Demand for Jury Trial].)  Plaintiff's claims concern the alleged events of September 2018 to April 2019 at the Wayne County Jail (WCJ), which he claims played a part in his June 2019 hospitalization while incarcerated at IBC.  (ECF No. 1, PageID.13, 16-18.)

**B.    Plaintiff's April 2022 amended complaint (ECF No. 91)**

On March 11, 2022, Judge Goldsmith entered an order, which, *inter alia*, struck Plaintiff's February 15, 2022 amended complaint (ECF No. 82) and directed Plaintiff to file an amended pleading no later than April 10, 2022.  (ECF No. 84, PageID.650.)  In his amended complaint, dated April 8, 2022 and filed effective April 11, 2022, Plaintiff names more than twenty Defendants, such as Al-Abid, Bayko, Bultz, Jean, Kegley, Leck, Loftis, Murbach, Diaz, Sabiation, Knaus, Napoleon, Wayne County, Gray, Norris, Johnson, Montgomery, Proper, Snarpe, Deniess, and Correctional Care Solutions (CCS).  (ECF No. 91, ¶¶ 4-13.)

To date Defendants Jean, Biaz (Diaz), Sabiation, and Deniess have yet to appear.

**C.    Edward Jean**

The USMS's attempt to serve Edward Jean by mail appears to have been received on May 16, 2022 was signed for by Eric Brosley.  (ECF No. 88; ECF No.

2

95, PageID.773; ECF No. 99.)[2]  Upon consideration of the appearances entered on

behalf of other county Defendants, no later than **September 30, 2022**, Wayne

County Corporation Counsel **SHALL** inform the Court as to whether it will be

entering an appearance on behalf of Defendant Edward Jean, who Plaintiff has

identified as a WCJ deputy (*see* ECF No. 91, PageID.673 ¶ 4).

### D.    Biaz (Diaz), Sabiation, and Deniess

The Court has made multiple attempts over the course of this lawsuit to

facilitate the USMS's efforts to serve Biaz (Diaz), Sabiation, and Deniess:

- In December 2020, the Clerk of the Court prepared paperwork for service upon Sabiation, Biaz, and Deniess – each at 570 Clinton Street (WCJ).  (ECF No. 24, PageID.134, 141, 145.)  In January 2021, the USMS acknowledged receipt of documents for service of process.  (ECF No. 29, PageID.177, 184, 188.)

- On September 14, 2021, the Court required Wayne County to identify certain Defendants' employers (ECF No. 45), but Wayne County was unable to identify Biaz, Deniess and Sabiation.  (ECF No. 47, PageID.297.)

- On October 29, 2021, the Court directed the Clerk to prepare paperwork for service of process upon Sabiatian, Biaz, and Deniess at the WCJ (ECF No. 48, PageID.302), but the USMS informed the Court that it needed further identifying information, namely a first name for each individual.  (*See* ECF No. 86, PageID.655-656.)

- On December 10, 2021, the Court entered an order directing Plaintiff to provide further contact information for Biaz, Deniess and Sabiatian, "while paying particular attention to the

---

[2] (*See also* www.usps.com, Tracking No. 70202450000096232215.)

proper spelling of their first and last names and providing their addresses . . . ."  (ECF No. 58, PageID.324-325.)

- In December 2021, Plaintiff responded that:  (a) "Mrs. Unknown Deniess" is an African American female, who is employed by CCS as a psychologist and is located on the 4th floor of the WCJ; (b) Sabiatian, a Sheriff by day and an Officer by night, is employed on the 4th floor of the WCJ; and, (c) A. Bazzi is employed on the 4th floor of the WCJ.  (ECF Nos. 67, 68.)[3]

- On April 13, 2022, the Court again directed Plaintiff to provide further identification as to Sabiation, Biaz, and Deniess.  (ECF No. 86, PageID.655-656.)

- On or about June 3, 2022, Plaintiff seemingly served a subpoena upon Wayne County, seeking information regarding "every sociologist in every capacity who worked in the Division 1 [WCJ]," between September 4, 2018 and May 2019.  (ECF No. 112, PageID.864, 868-869.)

- On July 14, 2022, the Court entered an order granting as unopposed Plaintiff's motion for enlargement of time to provide the proper names of Defendants (ECF No. 97) and extending the deadline to September 1, 2022.  (ECF No. 106.)

On August 30, 2022, Plaintiff filed a "motion of non-compliance" with regard to the Court's July 14, 2022 order.  (ECF No. 112.)  While many pages are illegible (*see*, *e.g.*, *id.*, PageID.859-962), the title of this filing explains that, through no fault of his own or due to factors beyond his control, he has been unable to comply with the Court's July 14, 2022 order for him to provide further identification

---

[3] These were not placed onto the docket until January 7, 2022 and January 10, 2022.  (ECF Nos. 67, 68.)

regarding Biaz, Deniess and Sabiation.  (ECF No. 112, PageID.858, 859, 864, 866-867.)  He claims the USMS has been unable to properly locate and serve notice upon them.  (*Id*.)  He also contends the Court's order "has caused judicial hardship . . . [,]" because Plaintiff is indigent and the Court denied appointment of counsel "due to prematureness[.]"  (*Id*.)  Plaintiff requests that the Court:  (a) appoint an investigator; (b) order Defendants' counsel to acknowledge if Biaz, Deniess and Sabiation have worked for either the WCJ/Sheriff's Office or Correct Care; (c) require either Wayne County or Correct Care to determine whether there are employees with closely spelled names during the period of September 4, 2018 through April 22, 2019; or, (d) require a list of employees during that period.  (*Id*.)  Otherwise, Plaintiff claims, he will be denied his day in Court with regard to these Defendants, solely on the basis of his indigency.  (*Id*.)

Upon consideration, Plaintiff's motion (ECF No. 112) is **DENIED**.  The Court will not appoint an investigator, because, "notwithstanding that [USMS] service is ordered, it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service."  *Nunn v. Michigan Dep't of Corr.*, No. 17-10818, 2019 WL 6210890, at *1 (E.D. Mich. Oct. 28, 2019) (Whalen, M.J.) (citations omitted), *report and recommendation adopted sub nom. Nunn v. Henderson*, No. 17-10818, 2019 WL 6174371 (E.D. Mich. Nov. 20, 2019) (Edmunds, J.).  To the extent Plaintiff seeks Wayne County or CCS's

5

assistance – *e.g.*, identifying Biaz, Deniess and Sabiation's employer(s) or employees with similarly-spelled names, or providing a list of employees – Plaintiff may use the fruits of the aforementioned, apparently served subpoena or may serve a related discovery request to achieve these means.

   **IT IS SO ORDERED.**

Dated: September 14, 2022

             Anthony P. Patti
             U.S. MAGISTRATE JUDGE