UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DELON FLEMING,

        Plaintiff,

v.

WAYNE COUNTY JAIL, et al.,

        Defendants.

_____/

Case No. 2:19-cv-12297
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DISMISS THREE DEFENDANTS WTIHOUT PREJUDICE

**I.   RECOMMENDATION**: The Court should **DISMISS WITHOUT PREJUDICE** Defendants Sabiation, Biaz (or Diaz), and Deniess for failure to comply with Fed. R. Civ. P. 4(m).

**II.   REPORT:**

    **A.   Background**

Michael Delon Fleming is currently incarcerated at the Michigan Department of Corrections (MDOC) Kinross Correctional Facility (KCF), where he is serving a sentence imposed on April 3, 2019. *See* Case No. 18-9678-01-FC (Wayne County).[1] As detailed in the Court's September 14, 2022 order, Fleming

---

[1] (*See* www.michigan.gov/corrections, "Offender Search," last visited Mar. 22, 2023.)

initiated this lawsuit in August 2019, but he filed an amended complaint in April 2022 naming more than twenty Defendants (ECF No. 91, ¶¶ 4-13). (ECF No. 113, PageID.871-872.)

Some Defendants are represented by Wayne County Corporation Counsel (*e.g.*, Wayne County, Napoleon, Michael Knaus, Justin Bultz, David Loftis, William Bayko, Khidair Al-Abid, Benjamin Leck, Brodey Kegley, & Jordan Murbach). (ECF Nos. 49, 63, 102, 110.) Other Defendants are represented by Correct Care Solutions' counsel (*e.g.*, Erika Johnson, Amy Gray, Alice Norris, Paige Proper, Jamie Sharpe, Dominique Montgomery, & Correct Care Solutions (CCS)). (ECF Nos. 32, 36, 38, 39, 75.)

To date, Defendants Edward Jean, Biaz (Diaz), Sabiation, and Deniess have not appeared.[2]

### B. Biaz (Diaz), Sabiation, and Deniess

#### 1. The Court's April 13, 2022 order (ECF No. 86)

---

[2] On September 29, 2022, Wayne County Corporation Counsel informed the Court that, at that time, it would not be representing Defendant Edward Jean in this matter. (*See* ECF Nos. 113, 115.) As reflected in the Court's March 14, 2023 order, the attempt at service of process upon Jean is ongoing. (ECF No. 136, PageID.1101-1102.) Based on tracking information provided to my case manager, it appears delivery was made *to someone* on January 30, 2023. Assuming for the moment that this service was effective, whether a responsive pleading is yet due depends on whether it was accompanied by a request for a waiver. *See* Fed. R. Civ. P. 12(a)(1)(A)(i),(ii).

Plaintiff describes Sabiatian as a Wayne County Jail (WCJ) deputy, Biaz (or Diaz) as a WCJ deputy, and Deniess as the "head psychologist" employed by "Correct Care Solutions" at WCJ. (ECF No. 1, PageID.1-2; ECF No. 91, PageID.673-674.) Over the course of this lawsuit, the Court has made multiple attempts to facilitate the USMS's efforts to serve these three Defendants. (*See* ECF No. 113, PageID.873-876 (citing ECF Nos. 24, 29, 45, 47, 48, 58, 67, 68, 86, 97, 106, 112).) Among these attempts is the Court's April 13, 2022 order directing Plaintiff to provide further identification as to Biaz (Diaz), Sabiation, and Deniess. (ECF No. 86.)

Originally, the information was due on May 12, 2020. (ECF No. 86, PageID.656.) Plaintiff sought an extension and was permitted until September 1, 2022 to provide the proper names of defendants. (ECF Nos. 97, 106.) On September 6, 2022, Plaintiff sought appointment of an investigator. (ECF No. 112.) Although the Court denied this request on September 14, 2022, the order discussed a June 3, 2022 subpoena served upon Wayne County for information regarding WCJ sociologists (*see* ECF No. 113, PageID.874), and thereafter noted: "To the extent Plaintiff seeks Wayne County or CCS's assistance – *e.g.*, identifying Biaz, Deniess and Sabiation's employer(s) or employees with similarly-spelled names, or providing a list of employees – Plaintiff may use the

3

fruits of the aforementioned, apparently served subpoena or may serve a related discovery request to achieve these means." (ECF No. 113, PageID.875-876.)

### 2. Plaintiff's February 24, 2023 motion for extension (ECF No. 135)

In Plaintiff's February 24, 2023 motion, he sought an enlargement of time within which to provide the Court with the proper names of the Defendants mentioned in the April 13, 2022 order (ECF No. 86), namely Sabiatian, Biaz (or Diaz), and Deniess. (ECF No. 135, PageID.1094.) The Court denied this motion on March 14, 2023. (ECF No. 136, PageID.1106-1110.) Of particular note is the following language from the Court's order:

> To the extent Plaintiff seeks an extension of time to identify defendants, I am recommending under separate cover that the Court dismiss these three Defendants (and perhaps also Jean) without prejudice, because efforts at service upon them and proper identification have been ongoing for quite a while and the time has come to move this case forward.

(ECF No. 136, PageID.1109-1110.)

### 3. Fed. R. Civ. P. 4(m) ("Time Limit for Service.")

Fed. R. Civ. P. 4 provides, in part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

4

cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff initiated this lawsuit in August 2019 (ECF No. 1), and he filed an amended complaint on April 11, 2022 (ECF No. 91) naming more than twenty Defendants. While it is clear Plaintiff proceeds *in forma pauperis* (ECF Nos. 2, 12), the Court has made multiple attempts to facilitate the USMS's efforts to serve these three Defendants, as set forth in detail in the Court's September 14, 2022 order (*see* ECF No. 113, PageID.873-874).

To be sure, on March 14, 2023, the Court entered an order, which denied two of Plaintiff's motions, one which touched upon the last known addresses of these three Defendants and another which sought an extension of time within which to provide the Court with their proper names. (ECF Nos. 117, 135, 136). However, it has been 1,325 days since Plaintiff filed the original August 5, 2019 complaint (ECF No. 1) and 345 days since Plaintiff filed the April 11, 2022 amended complaint (ECF No. 91). To date, for whatever reason, Defendants Biaz (Diaz), Sabiation, and Deniess have not appeared. Thus, the time has come to dismiss them without prejudice and move this case forward as to the other Defendants.

5

### C. Conclusion

For the reasons stated above, the Court should **DISMISS WITHOUT PREJUDICE** Defendants Sabiation, Biaz (or Diaz), and Deniess for failure to comply with Fed. R. Civ. P. 4(m).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 22, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE