UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLEMING,

    Plaintiff,

v.

WAYNE COUNTY JAIL et al.,

    Defendants.

_____/

Case No. 19-12297

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 150), (2)
OVERRULING PLAINTIFF'S OBJECTIONS (Dkts. 152, 159), (3) GRANTING
DEFENDANTS' MOTION TO DISMISS (Dkts. 121), AND (4) DENYING AS MOOT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 145)**

This matter is before the Court on the report & recommendation (R&R) of Magistrate Judge Anthony Patti (Dkt. 150), which recommends that the Court grant the motion to dismiss filed by the Wayne County Defendants—individuals Al-Abid, Bayko, Bultz, Kegley, Knaus, Leck, Loftis, Napoleon, and Murbach, and the municipality Wayne County (Dkt. 121).[1] Plaintiff Michael Fleming filed objections to the R&R (Dkts. 152, 159). For the reasons that follow, the Court

---

[1] Although the motion is styled as a motion to dismiss, it references Federal Rule of Civil Procedure 12(c), which authorizes a motion for judgment on the pleadings. See Mot. at 1 (reciting the standard of review for a motion for judgment on the pleadings); id. at 4 (arguing that Fleming's claims should be dismissed pursuant to Rule 12(c)); R&R at 6–7 (stating that Defendants move for judgment on the pleadings and summarizing the standard of review for a Rule 12(c) motion). This inconsistency is irrelevant because the standard is same for both motions. Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 389 (6th Cir. 2007) ("The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).").

overrules Fleming's objections and adopts the recommendation contained in the magistrate judge's R&R to grant the motion to dismiss.[2]

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–3, 8–11. Fleming is incarcerated at the Michigan Department of Corrections Kinross Correctional Facility, where he is serving a sentence that was imposed on April 3, 2019. Id. at 1. He was previously detained at the Wayne County Jail. Am. Compl. ¶ 3 (Dkt. 91). The alleged events that give rise to this action include the period from August 30, 2018, which is the date of his arrest and intake at the Wayne County Jail, through his April 3, 2019 sentencing, and to June 2019, when he was transported to the hospital. Id. ¶¶ 14–70. Fleming brings this action against various defendants employed by Correct Care Solutions (CCS) and Wayne County based on their alleged deliberate indifference to his medical needs and denial of a sanitary environment. Id. ¶¶ 22–26, 32–35. He also alleges that he was retaliated against for submitting grievances that reported the denial of medical treatment and living conditions to which he was subjected. Id. ¶ 21. He brings claims under the First, Eighth, and Fourteenth Amendments, a Monell claim against Wayne County, and related state-law claims. Id. ¶¶ 57–66, 72–76.

---

[2] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing and the R&R. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the objections, the briefing for the R&R includes the Wayne County Defendants' response (Dkt. 155). In addition to the motion to dismiss, the briefing for the motion includes Fleming's response (Dkt. 134).

Because the Court grants the Wayne County Defendants' motion to dismiss, it denies as moot their motion for summary judgment (Dkt. 145).

Ten of the eleven remaining Wayne County Defendants filed a motion to dismiss.[3] Defendants argue that Fleming's complaint does not present a coherent cause of action or a claim showing entitlement to relief as required by Federal Rule of Civil Procedure 8(a)(2) and that Fleming cannot establish a claim against Wayne County under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Mot. at 4–10; 12–13.

As to the nine individual Wayne County Defendants, whom the complaint identifies as deputy sheriffs employed at the Wayne County Jail, the magistrate judge found that Fleming's complaint was insufficient under Rule 8 because it failed to give the Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." R&R at 12–15, 16–20 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The R&R first explained that the complaint made the same allegation as to each individual Defendant:

> Plaintiff personally handed kites and grievances to [Defendant] and spoke with [him/her] numerous times concerning him not receiving a C-PAP machine, medicine for lice, for him not receiving medical attention for throwing up blood, and having bloody black stools; for the living conditions he was being subjected to which included roaches, feces, black mold, lice, and contaminated water; for the mistreatment and disregard he was receiving from the [CCS] medical employees; and for the mistreatment and disregard her received from the Correction Care Solutions mental health employees.

R&R at 9 (quoting Am. Compl. ¶¶ 45–51, 55–56). The magistrate judge determined that these same general allegations assigned to each of the Defendants were "akin to the 'unadorned, the-defendant-unlawfully-harmed-me' accusations that are 'no longer legally viable based on their speculative nature and facial implausibility.'" Id. at 10 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

---

[3] One remaining Wayne County Defendant, E. Jean, has not yet appeared. R&R at 3.

3

The magistrate judge then proceeded to explain that, aside from the general, repetitive allegations made against each individual Defendant, Fleming made "more pointed allegations." Id. at 10–11 (citing Am. Compl. ¶¶ 45–51, 55–56). The magistrate judge found that, even if these more pointed allegations "are unique in the sense they are not repeated or duplicated as to each of the nine individual Wayne County Defendants," and even if they "offer some indication of the nature of Fleming's allegations against these Defendants," "whatever pointedness they offer is reduced by their assignment of general timeframes." Id. at 12. The events set forth in the complaint spanned periods of several months and failed to specify when the allegedly wrongful conduct occurred. Consequently, the magistrate judge determined that, even though "[a] complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant," allegations lacking any specific time frame failed to provide Defendants fair notice of the claims against them and the grounds upon which the claims rest. Id. (quoting Westlake v. Lucas, 537F.2d 857, 858 (6th Cir. 1976)).

The R&R also described the deficiencies of various specific allegations. For instance, as to Defendant Napoleon—the former Wayne County Sherriff—Fleming alleged that he sent Napoleon kites and grievances, that he "informed [Napoleon] in these kites and grievances about his deputies destroying his kites and grievances, and deliberate[ly] ignoring and disregarding his complaints, and verbally abus[ing] him[,]" and that "[Napoleon] did nothing to rectify the conduct of deputies, the living conditions, and all the foregoing violations outlined in this Complaint, or the [CCS] employees." Id. at 13–14 (quoting Am. Compl. ¶ 56). The magistrate judge agreed with Defendants that this claim "rest[ed] on speculation and facial implausibility" because Fleming did not allege how he sent kites and grievances to Napoleon or that Napoleon received them. Id. at 14–15.

4

In addition, the magistrate judge focused on Fleming's allegations that Defendants Knaus and Napoleon "did nothing to rectify" certain conduct or conditions and that the nine individual Wayne County Defendants "failed to intervene to prevent . . . the [CCS] employees from denying [him] medical equipment [and] medical treatment for a serious medical need." Id. at 15 (quoting Am. Compl. ¶ 15). The magistrate judge stated that these allegations described only a failure to act. Id. However, as the R&R explained, supervisory liability under § 1983 cannot be based upon a mere failure to act but rather must be based upon "active unconstitutional behavior." Id. (quoting Salehpour v. Univ. of Tenn., 159 F.3d 199, 206 (6th Cir. 1998). Therefore, the allegations describing a failure to rectify certain conditions by Knaus and Napoleon or premising supervisory liability for all Defendants on their failure to intervene to prevent CCS employees from denying Fleming medical treatment could not form the basis of a deliberate indifference claim. Id.

Next, the magistrate judge discussed Fleming's retaliation and access to the courts claim brought under the First Amendment and his Eighth Amendment deliberate indifference claim. For the factual content supporting both of those claims, the R&R stated, the complaint either did not identify an individual Defendant who is allegedly at fault or named an individual Defendant who was not a party to the motion to dismiss. Id. at 16–20. When the complaint did mention a specific individual Wayne County movant before the magistrate judge, Fleming did so by attempting a Monell claim—which the magistrate judge addressed separately—or by listing all Defendants collectively and providing no factual basis to distinguish their conduct. Id. Therefore, taking into consideration the elements of a First Amendment retaliation and access to court claim and the elements of an Eighth Amendment deliberate indifference claim, the magistrate judge concluded that the claims failed to give Defendants fair notice of the claims against them and the basis for the claims. Id.

5

As to municipal liability, the magistrate judge first noted that the only Wayne County movants specifically mentioned in the allegations supporting Fleming's Monell claim were Defendants Wayne County and the former Wayne County Sheriff, Napoleon.[4] Id. at 23 (quoting Am. Compl. ¶¶ 57–63). He also interpreted Fleming's argument—asserted in his response to the motion—that his claims against "Wayne County Jail (She[r]iff)," were "legally grounded in Monell" to refer to claims against either Wayne County or Napoleon in his official capacity. Id. at 24 (quoting Resp. to Mot. at PageID.1078). The magistrate judge explained that when there is no constitutional violation by an individual defendant, no liability remains against the municipality. Id. at 23–24 (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). Because Fleming had not successfully pleaded a constitutional claim as to any of the individual Wayne County Defendants, he could not sustain a related Monell claim against Wayne County or Napoleon in his official capacity. Id. at 25.

## II. ANALYSIS[5]

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162,

---

[4] The magistrate judge explained that Napoleon passed away in 2020 and that, if any official capacity claims survived the motion, the Court would substitute Raphael Washington, the current Wayne County Sheriff, in Napoleon's place pursuant to Federal Rule of Civil Procedure 25(d). R&R at 2–3.

[5] Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When ruling on a motion for judgment on the pleadings, the court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [his or her] claim that would entitle [the plaintiff] to relief." Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001). To survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Engler v. Arnold, 862 F.3d 571, 576 (6th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S.

166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). Absent a specific objection, the issue is waived. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." Id. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that objections that "disputed the correctness of the magistrate's recommendation but failed to specify the findings that [the objector] believed were in error" were summary in nature and, therefore, invalid). Additionally, any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

Fleming makes eight objections to the R&R. The Court addresses each in turn.[6]

---

662, 678 (2009)). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

[6] After Fleming filed his eight objections to the R&R, he filed a "request to allow for extension of time . . . regarding a subsequent good cause response to the" R&R (Dkt. 157) and filed a "response and objection" to the R&R, which contains one "additional objection[n]" (Dkt. 159). He states that these additional objections are based on a reply filed by Defendants Amy Gray, Erika Johnson, and Alice Norris in support of their motion to dismiss. Resp. and Obj. at 1–2 (referencing reply filed on 5/23/23 (Dkt. 151)).

However, neither that motion to dismiss nor the additional objection is relevant to the R&R that is before the Court. In the R&R, the magistrate judge addressed only the motion to dismiss filed by the Wayne County Defendants. He explicitly stated that "Gray, J[oh]nson, and Norris's motion to dismiss . . . , which challenges the operative pleading, . . . and as to which a response has been filed . . . , will be addressed under separate cover." R&R at 3. Any reply in support of the motion filed by Defendants Gray, Johnson, and Norris has no bearing on the magistrate judge's determinations in the R&R to which Fleming objects. In the rest of his additional objection,

7

### A. Objection One

Fleming's first objection seems to address the magistrate judge's summary of the case and arguments that Defendants offer in their motion. See Obj. at 1–2. He refers to Defendant Jean's non-appearance and Defendants' untimely reply in support of their motion. And he suggests that the Court should hold Defendants in contempt. Id. Jean's non-appearance and Defendants' untimely reply do not justify a finding of contempt. Further, these statements do not identify specific issues with the magistrate judge's determinations and, therefore, are not proper objections.

Fleming also objects to the magistrate judge's reliance on Twombly, 550 U.S. at 555 and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Id. at 2. He states that these cases have been superseded by Hill v. Lappin, 630 F.3d 468, 472 (6th Cir. 2020), which referred to the "indulgent treatment" that courts are instructed to give the allegations of pro se litigants. Id. Twombly and Iqbal have not been superseded, and Hill applied the pleading standards as set forth in those cases in deciding a motion to dismiss. See Hill, 630 F.3d at 470–471. Pro se pleadings are liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, Fleming must still satisfy the requirements of Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. While this notice pleading standard does not require "detailed" factual allegations, it does require more than

---

Fleming makes the same argument about his deliberate indifference claim that he makes in objection five in his earlier-filed objections, but he directs this argument to other non-movants, Defendants Montgomery, Sharpe, and Proper. The R&R did not address claims against those Defendants, so there is no basis for Fleming's additional objection.

The Court overrules Fleming's additional objection.

the bare assertion of legal principles or conclusions. Id. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

In relying on Twombly and Iqbal in finding that Fleming's complaint failed to provide Defendants fair notice of the claims against them and the grounds on which those claims rest, the magistrate judge applied the correct standard of review in deciding Defendants' motion. See Frengler v. Gen. Motors, 482 F. App'x 975, 976–977 (6th Cir. 2012) (explaining in affirming grant of motion for judgment on the pleadings that courts "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys" but "[e]ven a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented"; finding that pro se plaintiff did not plead "sufficient 'factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'") (quoting Iqbal, 556 U.S. at 678); see also Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (stating that courts "should not have to guess at the nature of the claim asserted").

The Court overrules Fleming's first objection.

**B. Objection Two**

In his second objection, Fleming states that he "disagrees" with the magistrate judge's statement that his allegations are "no longer legally viable based on their speculative nature and facial implausibility." Obj. at 3 (quoting R&R at 17–18). He also objects to part of the R&R that, after quoting several paragraphs from the complaint, states that "these same paragraphs allege that

9

the foregoing transpired from September 4, 2018, until May 2019." Obj. at 3; R&R at 11. Fleming expresses a general disagreement with these parts of the R&R, but he does not identify the specific issues with the magistrate judge's determinations. Therefore, the Court overrules his second objection.

### C. Objection Three

Fleming's third objection takes issue with the magistrate judge's finding that the complaint failed to give Defendants fair notice of the claims against them and the grounds on which they rest because they do not contain a specific time frame. Obj. at 3–4. He suggests that the magistrate judge confused events and dates as alleged in the first complaint with those in the amended complaint. Id. Nothing suggests that is the case. Further, the cases that Fleming cites and that he asks the Court to consider all involve the issue of whether amended complaints relate back to original complaints for the purpose of the statute of limitations or when a particular claim is subject to the statute of limitations period. Id. (citing Walker v. Epps, 550 F.3d 407 (5th Cir. 2008); Cooey v. Strickland, 479 F.3d 412 (6th Cir. 2007); Barrow v. Wethersfield Police Dep't, 66 F.3d 466 (2d Cir. 1995)). This case does not involve an issue with the statute of limitations, and, therefore, the cases that Fleming cites are inapplicable. The Court overrules Fleming's third objection.

### D. Objection Four

In his fourth objection, Fleming seems to argue that Defendants Wayne County, Napoleon, and Washington are not entitled to qualified immunity. Obj. at 4–5. The R&R did not find that qualified immunity shields Defendants from liability but rather that Fleming failed to sufficiently allege a constitutional claim. See R&R at 20–21. The magistrate judge determined that Defendants' qualified immunity argument was undeveloped. Id. To the extent Fleming attempts to offer a new argument about qualified immunity, he cannot do so in objections to the R&R. See

10

Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that parties cannot raise at the district-court stage new arguments or issues that were not presented to the magistrate judge). The Court overrules Fleming's fourth objection.

### E. Objection Five

Next, Fleming objects to the magistrate judge's conclusion that Defendants Knaus and Napoleon cannot be liable based merely on allegations that they failed to act. Obj. at 5.

As the magistrate judge explained, see R&R at 19, the Eighth Amendment standards of deliberate indifference to serious medical needs of prisoners apply to Fleming's claims. To establish a prison official's deliberate indifference to a serious medical need, a plaintiff must show two components, one objective and one subjective. Rhinehart v. Scutt, 894 F.3d 721, 737 (6th Cir. 2018). "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." Id.

When a plaintiff's deliberate indifference claim depends on a defendant's supervisory liability, the complaint "must also meet the requirements of supervisory liability in § 1983 cases." Crawford v. Tilley, 15 F.4th 752, 761 (6th Cir. 2021). "Supervisors are often one step or more removed from the actual conduct of their subordinates; therefore, the law requires more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." Peatross v. City of Memphis, 818 F.3d 233, 241 (6th Cir. 2016). "A supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." Id. "Consequently, a mere failure to act will not suffice to establish supervisory liability." Id.; see also Winkler v. Madison Cnty., 893 F.3d 877, 898 (6th Cir. 2018) ("[L]iability cannot be imposed on a supervisor under § 1983 based on the theory of respondeat superior.");

11

Essex v. Cnty. of Livingston, 518 F. App'x 351, 355 (6th Cir. 2013) ("There must be some conduct on the supervisor's part to which the plaintiff can point that is directly correlated with the plaintiff's injury."); Hays v. Jefferson Cnty., 668 F.2d 869, 873–874 (6th Cir.1982) (stating that a "mere failure to act (even) in the face of a statistical pattern of incidents of misconduct" is not sufficient to confer liability). Instead, "a plaintiff must plausibly allege that a supervisory defendant authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . of [his or her] subordinates through the execution of [his or her] job functions." Crawford, 15 F.4th at 761 (punctuation modified). This standard "requires some active unconstitutional behavior on the part of the supervisor." Peatross, 818 F.3d at 761 (punctuation modified). In addition to active involvement, a plaintiff must show a "causal connection" between the defendant's "active unconstitutional behavior" and the plaintiff's injuries. Crawford, 15 F.4th at 761.

The R&R discussed supervisory liability in the context of particular allegations—that Defendants Knaus and Napoleon "did nothing to rectify the conduct of deputies, the living conditions, and all the foregoing violations outlined in this Complaint, or the [CCS] employees" and that the nine individual Wayne County Defendants "'failed to intervene to prevent . . . the [CCS] employees from denying [Fleming] medical equipment [and] medical treatment for a serious medical need.'" R&R at 15 (quoting Am. Compl. ¶¶ 15, 56). Focusing narrowly on those allegations, the magistrate judge found that they described only a failure to act and, therefore, could not form the basis for supervisory liability. Id.

The magistrate judge did not err in reaching this determination. With allegations that (i) Knaus and Napoleon failed to correct the conduct of subordinates, the conditions that Fleming faced, or the constitutional violations committed by others, and (ii) the Wayne County Defendants failed to intervene to prevent CCS employees' denial of medical treatment, Fleming has not pleaded that

the Defendants "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Crawford, 15 F.4th at 761. He has not described "active unconstitutional behavior on the part of" the Defendants. Peatross, 818 F.3d at 761.

Fleming states that he objects to the finding that Knaus and Napoleon cannot be held liable for a failure to act because "most federal circuit courts have held that . . . due process claims involving medical care and protections from staff and others, are governed by the Eighth Amendment deliberate indifference standard," which requires only that a plaintiff show that defendants disregarded a risk of which they have actual knowledge. Id. Fleming contends that he has satisfied this standard by alleging that Defendants destroyed kites and that, due to that allegation, his claim is not based on a mere failure to act. Id. at 5–6.

Fleming's deliberate indifference claim must satisfy a subjective component, which asks whether prison officials knew of and disregarded the plaintiff's serious medical need. Rhinehart, 894 F.3d at 737. But to the extent his claims against Knaus and Napoleon—or the other individual Defendants—depend on supervisory liability, he must also "at a minimum," plausibly plead that the Defendants "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Crawford, 15 F.4th at 761. Fleming did not plead that Napoleon or Knaus destroyed his kites, and the magistrate judge's finding that there is no basis for supervisory liability did not focus on the allegation that any Defendant destroyed kites. Rather, that finding was specifically directed at the allegations that Knaus and Napoleon took no action to correct the constitutional violations by their subordinates, and it was directed at the allegations that nine individual Wayne County Defendants failed to intervene to prevent unconstitutional conduct by CCS employees.

13

Those allegations describe a failure to act and do not set forth a sufficient basis for liability under § 1983. See Simpson v. Overton, 79 F. App'x 117, 120 (6th Cir. 2003); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

The Court overrules Fleming's fifth objection.

**F. Objection Six**

Fleming's next objection focuses on his First Amendment claim. Obj. at 6. He states that he objects to the magistrate judge's conclusion that Defendants lack fair notice of the claims because "Defendant[s] interfered with [his] protected conduct when [they] destroyed His kites." Obj. at 6.

Fleming's objection does not address the reasons for the magistrate judge's conclusion. The magistrate judge stated that, while Fleming's complaint mentioned retaliation, most of the instances either did not specify which individual Defendant was allegedly at fault or referenced a non-movant. R&R at 16. When the instances did mention a specific individual movant, Fleming did so by asserting a Monell claim—which the magistrate judge found was subject to dismissal—or "by listing approximately nineteen Defendants by name and claiming they 'interfered with deliberate indifference and denied the Plaintiff due Process in available constitutionally protected remedies to alleviate his condition[,]' which was done 'maliciously and sadistically with deliberate indifference.'" Id. at 16–17 (quoting Am. Compl. ¶ 75)). In considering the elements of a First Amendment retaliation claim and access to courts claim, the magistrate judge determined that "the collective mention" of Defendants in these allegations did not give Defendants fair notice of the claims against them and the grounds upon which they rest. Id. (citing Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999); Flagg v. City of Detroit, 715 F.3d 165, 174 (6th Cir. 2013)).

The magistrate judge did not err in concluding that the factual content supporting Fleming's First Amendment claim failed to satisfy the requirements of Rule 8. A "[p]laintiff must state a

14

plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." Reilly v. Vadlamudi, 680 F.3d 617, 626 (6th Cir. 2012). Thus, when a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants. See Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001). "[A] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." Courser v. Mich. House of Representatives, 404 F.Supp.3d 1125, 1140 (W.D. Mich. 2019). "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Fleming's] complaint failed to satisfy this minimum standard" of Rule 8." Atuahene, 10 F. App'x at 34.

Fleming's objection—which launches another collective allegation against Defendants by stating that "Defendant[s] interfered with [his] protected conduct when [they] destroyed His kites"—does not undermine the magistrate judge's determination. Therefore, the Court overrules the sixth objection.

**G. Objection Seven**

Fleming objects to the magistrate judge's determination that he has not pled a plausible Eighth Amendment claim against the Wayne County Defendants. Obj. at 6–7. He refers to a "generic similarity" standard that does not exist. Id. at 6. And he suggests that Farmer v. Brennan, 511 U.S. 825, 834 (1994) conflicts with the R&R's finding that he has failed to state an Eighth Amendment deliberate indifference claim. In Farmer, the United States Supreme Court held that a prison official may be liable under the Eighth Amendment for acting with deliberate indifference only if the prison official "knows of and disregards an excessive risk to inmate health or safety."

15

511 U.S. at 837. This holding does not conflict with the R&R. The magistrate judge stated that, while the amended complaint refers to the Eighth Amendment, denial of a sanitary environment, "deliberate indifference," and "medical needs," it does not identify which Defendant is allegedly at fault or, when it does expressly mention an individual Defendant, refers to a non-movant. R&R at 17–20. The magistrate judge determined that the complaint failed to satisfy the requirements of Twombly after "taking into consideration the Eighth Amendment standards of 'deliberate indifference to serious medical needs of prisoners.'" Id. at 19–20 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976) (distinguishing "deliberate indifference to serious medical needs of prisoners" from "negligen[ce] in diagnosing or treating a medical condition" and holding that only deliberate indifference violates the Eighth Amendment)).

Fleming also directs the Court to Hadix v. Johnson, 367 F.3d 513, 526 (6th Cir. 2004), Obj. at 7, but Hadix applies the same standard for deliberate indifference claims that is set forth in Farmer and is consistent with the R&R.

The Court overrules Fleming's seventh objection.

**H. Objection Eight**

In his final objection, Fleming takes issue with the magistrate judge's conclusion that he has not successfully pleaded a Monell claim against Wayne County or Napoleon in his official capacity and with the magistrate judge's reliance on Heller. Obj. at 7.[7] He argues that Heller is inapplicable, without specifying why.

---

[7] Fleming also states that he objects to the magistrate judge's assertions regarding qualified immunity. Obj. at 7. As explained, however, the magistrate judge did not find that the Wayne County Defendants are entitled to qualified immunity. Any objection from Fleming to the section of the R&R discussing qualified immunity has no relevance.

16

The magistrate judge's determination that Fleming has not sufficiently alleged a constitutional claim—and the conclusion that he therefore cannot maintain a Monell claim against Wayne County or any municipal employee sued in their official capacity—is well-supported. See Robertson v. Lucas, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under Monell without an underlying constitutional violation); Chambers v. Sanders, 63 F.4th 1092, 1101–1102 (6th Cir. 2023) ("With no underlying rights violation plausibly established in their complaint, we affirm the district court's dismissal of [plaintiffs'] Monell claim against the city."). The Court overrules Fleming's eighth objection.

### III. CONCLUSION

For the reasons stated above, the Court overrules Fleming's objections (Dkts. 152, 159), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 150), grants the Wayne County Defendants' motion to dismiss (Dkt. 121), and denies as moot the Wayne County Defendants' motion for summary judgment (Dkt. 145).

SO ORDERED.

Dated: August 4, 2023　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2023.

　　　　　　　　　　　　　　　　　　　　　s/Erica Parkin, in the absence of
　　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　Case Manager