UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DELON FLEMING,

        Plaintiff,                    Case No. 2:19-cv-12297
                                                  District Judge Mark A. Goldsmith
v.                                               Magistrate Judge Anthony P. Patti

WAYNE COUNTY JAIL, et al.,

        Defendants.

_____/

**ORDER DIRECTING THE U.S. MARSHALS SERVICE TO ATTEMPT
PERSONAL SERVICE UPON DEFENDANT JEAN and ADDRESSING
PLAINTIFF'S LATEST FILINGS RELATED TO DEFENDANT JEAN
(ECF Nos. 158, 160, 161, 162, 163, 164, 167, 168)**

**A.    Background**

Michael Delon Fleming is currently incarcerated at the Michigan Department of Corrections (MDOC) Kinross Correctional Facility (KCF), where he is serving a sentence imposed on April 3, 2019. *See* Case No. 18-9678-01-FC (Wayne County).[1] As detailed in the Court's September 14, 2022 order, Fleming initiated this lawsuit in August 2019, but he filed an amended complaint in April 2022 naming more than twenty Defendants (ECF No. 91, ¶¶ 4-13). (ECF No. 113, PageID.871-872.)

---

[1] (*See* www.michigan.gov/corrections, "Offender Search," last visited Sept. 20, 2023.)

Some Defendants are represented by Wayne County Corporation Counsel (*e.g.*, Wayne County, Napoleon, Michael Knaus, Justin Bultz, David Loftis, William Bayko, Khidair Al-Abid, Benjamin Leck, Brodey Kegley, & Jordan Murbach). (ECF Nos. 49, 63, 102, 110.) Other Defendants are represented by Correct Care Solutions' counsel (*e.g.*, Erika Johnson, Amy Gray, Alice Norris, Paige Proper, Jamie Sharpe, Dominique Montgomery, & Correct Care Solutions (CCS)). (ECF Nos. 32, 36, 38, 39, 75.) Moreover, on April 24, 2023, the Court dismissed without prejudice Defendants Sabiation, Biaz (or Diaz), and Deniess for failure to comply with Fed. R. Civ. P. 4(m). (ECF No. 147.)

**B.     Attempts at service of process upon Defendant Edward Jean**

The Court has made multiple attempts to facilitate the U.S. Marshal Service's (USMS's) efforts to serve Defendant Jean, including: (1) the Clerk's December 2020 preparation of service paperwork (ECF No. 24, PageID.132); (2) the USMS January 2021 acknowledgement (ECF No. 29, PageID.175); (3) a summons issued in April 2022 (ECF No. 88); (4) a May 2022 acknowledgement by the USMS (ECF No. 95, PageID.773); (5) a certified mail domestic return receipt signed by Eric Brosley but undated (ECF No. 99); (6) the Court's September 2022 order directing Wayne County Corporation Counsel to inform the Court whether it is representing Defendant Jean (ECF No. 113); (7) Wayne County Corporation Counsel's September 2022 response (ECF No. 115); (8) the Court's

2

December 2022 order directing Wayne County Corporation Counsel to provide Jean's last known address to the USMS for use in effecting service of process (ECF No. 129); or, (9) a January 2023 issuance of summons and the USMS acknowledgment (ECF Nos. 130, 132).

**C.     The USMS is directed to attempt personal service upon Defendant Jean.**

To date, Defendant Jean has not appeared.  Based on tracking information from the USMS, it seems the last attempt "was delivered to an individual at the address at 12:17 pm on January 30, 2023 in WESTLAND, MI 48185."[2] Unfortunately, the Court has been unable to discern if the "individual" was, in fact, Defendant Jean or if he signed an acknowledgment of receipt.  Therefore, in accordance with Fed. R. Civ. P. 4(e), and in what is intended to be a final court-assisted attempt at service upon Jean, the USMS is **DIRECTED** to attempt personal service upon Defendant Jean at:  **(1)** the address provided to the USMS and used for the January 2023 attempt at service (*see* ECF Nos. 129, 130, 132); or, **(2)** after reasonable inquiry, any other location within the E.D. Mich. where the USMS believes Defendant Jean reasonably may be found.  The cost of personal service is waived. Ultimately, if Defendant Jean cannot be successfully personally served with process, the case against him may be subject to dismissal without prejudice under Fed. R. Civ. P. 4(m).

---

[2] *See* https://tools.usps.com/go/TrackConfirmAction, 7019297000003540450.

### D.     Plaintiff's June 21, 2023 Filings Related to Defendant Jean

On June 21, 2023, Plaintiff filed a series of documents, most of which relate to yet-to-appear Defendant Jean.  Upon consideration:

1. Plaintiff's Fed. Rules Civ. P. 54, 55 and 70 "motion for show of cause why default judgment or civil contempt should not be ordered against Defendant Edward Jean[,]" (ECF No. 158), is **DENIED**, because Jean would not be required "to plead or otherwise defend[,]" Fed. R. Civ. P. 55(a) (*id.*, PageID.1340), where, as noted above, there is no proof that he has been served with this lawsuit.[3]

2. Plaintiff's "petition for writ of habeas corpus ad testificandum and participate in court proceedings[,]" (ECF No. 160), is **DENIED**.  Plaintiff contends that Jean "has failed to cooperate with plaintiff," and "has disobeyed the court[,]" and, seemingly with reference to the above-mentioned motion (ECF No. 158), Plaintiff believes "fact-based testimony could aid the Court on determining, fines, cost and plaintiff's compensation." (*Id.*, PageID.1348.)  However, if a future event requires Plaintiff's participation, the Court will take steps, as necessary, to ensure Plaintiff is "brought before this Court by way of video . . ." (*id.*, PageID.1350.)  Moreover, in light of the fact that the Court cannot even tell if Jean was actually served, it is in no position to deem Jean uncooperative or disobedient.

3. Plaintiff's Fed. R. Civ. P. 70 "motion for contempt of court upon Defendant Edward Jean" / "motion to hold Defendant Edward Jean in civil contempt" (ECF No. 161), is **DENIED**.  Plaintiff suggests that Jean has "fail[ed] to plead or otherwise defend[,]" Fed. R. Civ. P.

---

[3] In addition, even if there was proof of service, "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law . . . ." 42 U.S.C. § 1997e(g)(1).

4

55(a), and also states that Jean has "deliberately failed [to] cooperate with Plaintiff," and "disobeyed the Court[.]" (*Id.*, PageID.1352, 1354, 1357-1358) (citing, *inter alia*, *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).)  However, as noted above, there is no proof that he has been served with this lawsuit.

4. Plaintiff's Fed. Rules Civ. P. 54 and 55 "motion for default judgment against Defendant Edward Jean[,]" (ECF No. 162), is **DENIED**.  Jean suggests that Jean has "fail[ed] to plead or otherwise defend[,]" Fed. R. Civ. P. 55(a), and also states that Jean has "deliberately failed [to] cooperate with Plaintiff," and "disobeyed the Court[.]" (*Id.*, PageID.1361, 1364-1365 (citing, *inter alia*, *Jones v. Bock*, 549 U.S. 199, 213-214 (2007).) However, as noted above, there is no proof that he has been served with this lawsuit.

5. Plaintiff's Fed. Rules Civ. P. 54 and 55 "request[] for order of default judgment upon Defendant Edward Jean[,]" (ECF No. 163), is **DENIED**, because, even if Plaintiff's prayer for relief was $1,000,000, and even if $45,454.55 represents one-twenty-second of this amount, Jean would not be required "to plead or otherwise defend[,]" Fed. R. Civ. P. 55(a) (*id.*, PageID.1368), where, as noted above, there is no proof that he has been served with this lawsuit.

Finally, the Court need not remark further on Plaintiff's request for entry of default (ECF No. 164), as the Clerk of the Court has already **DENIED** it for "[n]o green card received after issuance of summons on [January 11, 2023][,]" (ECF No. 165).

5

### E. Plaintiff's July 24, 2023 Filings Related to Defendant Jean

On July 24, 2023, citing collectively Fed. Rules Civ. P. 55, 58, and 60, Plaintiff filed a request to reinstate all motions accompanied with initial default judgment (ECF No. 167), as well as a request for relief from the Clerk's denial of Plaintiff's request for entry of default as to Jean (ECF No. 168). In each of these filings, Plaintiff refers to the Clerk of the Court's June 21, 2023 "Notice of Denial of Request for Clerk's Entry Of Default," which explained that "[n]o green card [was] received after issuance of summons on [January 11, 2023] [(ECF No. 130)] [,]" (ECF No. 165). (ECF No. 167, PageID.1378 ¶ 1; ECF No. 168, PageID.1383 ¶ 1.) Upon consideration, Plaintiff's requests (ECF Nos. 167, 168) are **DENIED.** Although Plaintiff claims to have "provided such proof, attached in Exhibits B & C . . . [,]" (*id.*, ¶ 2), no such materials are attached to these July 24, 2023 filings or to the aforementioned June 21, 2023 filings.

IT IS SO ORDERED.[4]

Dated: September 21, 2023

_____
Anthony P. Patti
U.S. MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).