UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLEMING,

        Plaintiff,

v.

WAYNE COUNTY JAIL et al.,

        Defendants.
_____/

Case No. 19-cv-12297

HON. MARK A. GOLDSMITH

**ORDER
(1) ADOPTING IN PART THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED 1/9/2024 (Dkt. 186); AND (2) GRANTING THE MOTION TO DISMISS FILED BY DEFENDANT E. JEAN (Dkt. 183)**

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony Patti issued on January 9, 2024 (Dkt. 186). As pertinent here, the R&R recommends that the Court grant the motion to dismiss filed by Defendant E. Jean (Dkt. 183). For the reasons that follow, the Court adopts the R&R as to Jean and grants Jean's motion to dismiss (Dkt. 183).[1]

**I. BACKGROUND**

Fleming is incarcerated at the Michigan Department of Corrections Kinross Correctional Facility, see R&R at 1, having been previously detained at the Wayne County Jail. Am. Compl. ¶ 3 (Dkt. 91). Fleming brought this action against some 21 defendants employed by Correct Care

---

[1] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing and the R&R. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

Solutions (CCS) and Wayne County, based on their alleged deliberate indifference to his medical needs and denial of a sanitary environment. Id. ¶¶ 22–56. He also alleges that he was retaliated against for submitting grievances that reported the denial of medical treatment and living conditions to which he was was subject. Id. ¶ 21. He brings claims under the First, Eighth, and Fourteenth Amendments, a Monell claim against Wayne County, and related state-law claims. Id. ¶¶ 57–76.

Prior to the instant motion, the Court dismissed Fleming's claims against all defendants except for Jean (one of the Wayne County Defendants) and Alice Norris, Amy Gray, and Erika Johnson (three CCS employees).[2] Norris, Gray, and Johnson filed a motion to dismiss in April 2023 (Dkt. 144), which was also addressed in the R&R, but the claims as to those defendants were resolved at a settlement conference conducted on February 28, 2024 before Magistrate Judge Patti. The claims against Jean were not resolved at that conference, thus requiring the Court to address presently Jean's motion to dismiss.

The R&R found that the federal claims against Jean in Fleming's complaint were not pled with sufficient facts to place Jean on "fair notice of what the . . . claim[s are] and the grounds upon which [they] rest[]." R&R at 20 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Fleming filed a motion for enlargement of time to file his objections (Dkt. 188), which the Court granted (Dkt. 189). Fleming then timely filed his objections (Dkt. 196). For the reasons discussed below, the Court overrules them and adopts the R&R.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been

---

[2] See Dkts. 70, 147, 169.

2

made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that objections that "disputed the correctness of the magistrate's recommendation but failed to specify the findings that [the objector] believed were in error" were summary in nature and, therefore, invalid).

Neither of Fleming's objections identify any specific error in the R&R. Rather, they raise arguments why his prior efforts to have Jean defaulted should not have been rejected by the Clerk's Office and the magistrate judge. Prior to Jean's entry in the case, Fleming had filed a request for the clerk's entry of default as to Jean (Dkt. 164), as well as numerous related motions (Dkts. 158, 160, 161, 162, and 163). The clerk denied entry of the default (Dkt. 165), leading to yet another default-related motion (Dkt. 167). The magistrate judge determined that Jean had not been served and ordered that personal service be attempted (Dkt. 174). Jean was finally served in October 2023. Dkts. 181, 182.

In his objections, Fleming argues that the Clerk's Office erred in declining to enter a default against Jean, and that he had to spend an "unnecessary amount of money" in trying to serve Jean. Pl. Obj. at PageID.1830–1831. But these arguments have nothing to do with the analysis and conclusion of the R&R—whether the allegations in Fleming's complaint set forth a plausible

3

claim for relief against Jean. Because Fleming's objections are irrelevant to the R&R's recommendation, they are denied.

The Court has reviewed the R&R and agrees with the magistrate judge that Fleming's federal claims cannot withstand Jean's motion to dismiss. The Court also agrees with the recommendation that the state-law claims be dismissed without prejudice, as the federal claims are being dismissed. R&R at 23 (citing 28 U.S.C. § 1367).

### III. CONCLUSION

For the above stated reasons, the Court adopts the R&R as to Jean (Dkt. 186) and grants Jean's motion to dismiss (Dkt. 183). The federal claims against Jean are dismissed with prejudice; the state-law claims are dismissed without prejudice. Additionally, Fleming recently filed numerous motions (Dkts. 201, 202, 203, 204, 206, 211, and 212). They are all denied as moot.

SO ORDERED.

Dated: March 1, 2024  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge